UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLOTTE WYATT, #775037,

        Petitioner,

   v.                                     CASE NO. 2:12-CV-12186
                                            HONORABLE GEORGE CARAM STEEH

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Charlotte Wyatt ("petitioner") has filed a pro se petition for a writ of habeas corpus asserting that she is being held in violation of her constitutional rights. Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, in the Wayne County Circuit Court and was sentenced to 25 to 50 years imprisonment in 2010. In her pleadings, petitioner raises claims concerning the effectiveness of trial and appellate counsel. For the reasons stated, the Court denies the petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.   Facts and Procedural History**

Petitioner's conviction arises from her conduct in beating her two-month-old daughter to death during the late evening and early morning hours on December 24 and 25, 2009. Petitioner and her boyfriend attempted to dispose of the body, but eventually retrieved it and called an ambulance. Petitioner was subsequently arrested and charged with first-degree murder, second-degree murder, two counts of first-degree child abuse,

and two counts of evidence tampering. On July 12, 2010, petitioner pleaded guilty to second-degree murder with a sentencing agreement of 25 to 50 years imprisonment in exchange for dismissal of the other charges. On July 28, 2010, the trial court sentenced her to 25 to 50 years imprisonment in accordance with her plea agreement.

Following sentencing, petitioner was appointed appellate counsel. After consulting with petitioner and obtaining her consenting affidavit, appellate counsel asked the trial court to vacate the order of appointment because an appeal would not be in petitioner's best interest. The court granted the motion. Petitioner subsequently filed a *pro se* delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied the application for lack of merit in the grounds presented. People v. Wyatt, No. 305327 (Mich. Ct. App. Oct. 12, 2011) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Wyatt, 809 Mich. 592, 809 N.W.2d 592 (2012).

Petitioner thereafter filed her federal habeas petition raising the following claims:

I.  Defense counsel was ineffective for failing to object to the scoring of Offense Variables 5 and 14 of the state sentencing guidelines.

II. Defense counsel was ineffective for failing to see that petitioner received the competency hearing ordered by the court and for failing to obtain records regarding her mental health.

III. Appellate counsel was ineffective for advising petitioner that it was in her best interest not to appeal when Offense Variables 5 and 14 were mis-scored and trial counsel was ineffective for not objecting to the guidelines scoring and not investigating petitioner's mental health.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

2

### III.     Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); Bell v. Cone, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); Bell, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted).  The "AEDPA thus imposes a 'highly deferential standard for evaluating

3

state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh v Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific

4

legal rule that has not been squarely established by this Court" and quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

**IV.  Discussion**

    **A.  Ineffective Assistance of Trial Counsel Claims**

Petitioner asserts that she is entitled to habeas relief because trial counsel was ineffective for: (1) failing to investigate her mental health records and ensure that she received a competency hearing ordered by the trial court and (2) for failing to object to the scoring of Offense Variables 5 and 14 of the state sentencing guidelines. Petitioner raised

5

these issues on direct appeal. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57-58 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Second, the petitioner must demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." Id. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the

---

[1] The Court notes that it would reach the same result under a de novo standard of review.

6

particular decisionmaker.'" Id. at 59-60 (quoting Strickland, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 788. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. See Premo v. Moore, _ U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); see also Bray v. Andrews, 640 F.3d 731, 738 (6th Cir. 2011) (citing Premo).

Petitioner asserts that trial counsel was ineffective during the pre-plea period for failing to investigate her mental health records and failing to ensure that she received a "competency hearing" as ordered by the trial court.[2] Claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea, however, are foreclosed by that plea. United States v. Broce, 488 U.S. 563, 569 (1989); Tollett v. Henderson, 411 U.S. 258, 267 (1973). The Supreme Court has explained:

---

[2]The record indicates that the trial court signed an order for a psychiatric evaluation because petitioner initially raised an insanity defense to the charges. The record does not indicate that the trial court was concerned about petitioner's competency to stand trial or enter a plea.

7

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

Tollett, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. Broce, 488 U.S. at 569. Accordingly, petitioner's claim that counsel was ineffective for failing to properly act during the pre-trial period is foreclosed by her plea and does not warrant habeas relief.

Petitioner is also not entitled to relief on any claim that trial counsel was ineffective for advising her to plead guilty rather than investigating her mental health records and pursuing a competency hearing. It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. Strickland, 466 U.S. at 690-91; Lundgren v. Mitchell, 440 F.3d 754, 771 (6th Cir. 2006); O'Hara v. Wiggington, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, has not established that counsel failed to investigate her case or was deficient for advising her to accept a plea. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the nature of the case, the significant evidence of guilt, and the lack of a solid defense. Petitioner asserts that counsel should have investigated her mental health records and ensured that a competency evaluation was

conducted, but she has not shown that such efforts would have led to a successful defense to the charges.

Federal constitutional law clearly establishes that a criminal defendant may not be tried unless he or she is competent. Godinez v. Moran, 509 U.S. 389, 396 (1993). The standard for competence to plead guilty or be sentenced is the same as the standard for competence to stand trial: whether the defendant has (1) sufficient present ability to consult with a lawyer and (2) a rational and factual understanding of the proceedings against him or her. Id. at 396-98. Due process is violated by a trial court's failure to hold a competency hearing where there is substantial evidence of a defendant's incompetency. Pate v. Robinson, 383 U.S. 375, 385-86 (1966). The question for a reviewing court in such a case is whether a reasonable judge, situated as was the trial court judge, should have experienced a "bona fide doubt" about the defendant's competency. Warren v. Lewis, 365 F.3d 529, 533 (6th Cir. 2004) (citing Drope v. Missouri, 420 U.S. 162, 173 (1975)); see also Cowans v. Bagley, 639 F.3d 241, 247 (6th Cir. 2011). Silence by a defendant and defense counsel on the issue of competency at the time of a plea is significant evidence that there is no bona fide doubt about the defendant's competency. United States v. Gignac, 301 F. App'x 471, 475 (6th Cir. 2008).

Having reviewed the record, this Court concludes that defense counsel did not err in failing to further investigate petitioner's mental health records or raise the issue of her competency before the trial court. A reasonable defense attorney (or judge sitting the trial court's place) would not have experienced a bona fide doubt as to petitioner's mental health or competency at the time of her plea. While petitioner may have a limited education and learning disabilities, the record is devoid of evidence that she suffers from a serious mental

illness, was legally insane at the time of the offense, or was incompetent at the time of her plea and unable to consult with defense counsel and understand her criminal proceedings. To the contrary, the record indicates that petitioner was 22 years old at the time of her plea with an 11th grade education. At the plea hearing, petitioner indicated that she understood the proceedings, that she was accepting responsibility for striking and killing her daughter, and that she was voluntarily pleading guilty to second-degree murder with a sentence of 25 to 50 years imprisonment. Given such circumstances, petitioner has not shown that trial counsel erred or that she was prejudiced by counsel's performance.

Petitioner has also not presented sufficient facts to create a real and substantial doubt as to her sanity or competency so as to warrant an evidentiary hearing, see Thirkield v. Pitcher, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (citing cases), or other relief from this Court. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. Cross v. Stovall, 238 F. App'x 32, 39-40 (6th Cir. 2007); Prince v. Straub, 78 F. App'x 440, 442 (6th Cir. 2003); Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); see also Washington v. Renico, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Petitioner has not shown that trial counsel erred or acted unreasonably in advising her to plead guilty.

Furthermore, petitioner has not established that, but for counsel's alleged deficiencies, there is a reasonable probability that she would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 58-59. The matters which she believes should have been further investigated or pursued counsel do not establish her

innocence nor cast doubt upon the reliability of the proceedings. Moreover, by pleading guilty to a lesser offense and avoiding more numerous and serious charges, petitioner avoided the possibility of being sentenced to a greater term, including life imprisonment without parole. Petitioner has not shown that counsel was ineffective.

Petitioner also asserts that trial counsel was ineffective for failing to object to the scoring of Offense Variables 5 and 14 of the state sentencing guidelines. Petitioner, however, cannot establish that counsel erred and/or that she was prejudiced by counsel's conduct given that she agreed to a particular sentence of 25 to 50 years imprisonment as part of her plea agreement and that she was, in fact, sentenced to that term of imprisonment. As another federal court has explained:

> Having stipulated to the applicable sentencing guideline, defense counsel was in no position to renege on the agreement by challenging the guideline calculation. Michigan law clearly holds that a defendant waives any objection to the scoring of the sentencing guidelines by agreeing to a specific sentencing range. See People v. Wiley, 472 Mich. 153, 693 N.W.2d 800 (Mich. 2000).

Dorie v. Phillips, No. 1:07-cv-1195, 2010 WL 1258234, *7 (W.D. Mich. March 8, 2010) (adopting magistrate's report). Petitioner was sentenced in accordance with her agreement. Consequently, any challenge to the scoring of two offense variables would have been pointless. Counsel cannot be deemed deficient for failing to raise futile objections. United States v. Steverson, 230 F.3d 221, 225 (6th Cir. 2000). Moreover, as noted by the respondent, the record supports the scoring of the disputed offense variables. Answer, p. 28. Petitioner has not shown that trial counsel was ineffective under the Strickland standard. Habeas relief is not warranted.

### B. Ineffective Assistance of Appellate Counsel Claim

Petitioner also asserts that she is entitled to habeas relief because appellate counsel was ineffective for failing to pursue an appeal and raise the foregoing issues. Petitioner raised this issue on direct appeal. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[3] Petitioner raised her current claims her *pro se* delayed application for leave to appeal and the Michigan Court of Appeals denied that application for lack of merit in the grounds presented. Given such circumstances, as well as this Court's determination that the underlying claims lack merit, petitioner cannot demonstrate that appellate counsel erred and/or that she was prejudiced by appellate counsel's conduct. Counsel cannot be deemed deficient for failing to raise meritless issues. See Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); Steverson, 230 F.3d at 225. Petitioner has not shown that appellate counsel was ineffective under the Strickland standard. Habeas relief is not warranted.

### V. Conclusion

For the reasons stated, the Court concludes that petitioner is not entitled to federal habeas relief on the claims contained in her petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

---

[3]The Court notes that it would reach the same result under a de novo standard of review.

Before petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. Id. at 336-37. Having conducted the requisite review, the Court concludes that petitioner has not made a substantial showing of the denial of a constitutional right as to her claims. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that petitioner any appeal from this decision cannot be taken in good faith. FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

Dated: April 30, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 30, 2014, by electronic and/or ordinary mail and also on Charlotte Wyatt, #775037, Huron Valley Complex - Womens 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk